UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    v.                                                  Case No.: 8:06-cr-00039-JSM-SPF

BRANDON ERWIN
_____/

**REPORT AND RECOMMENDATION**

       Brandon Erwin filed a motion seeking permission to proceed *in forma pauperis* on appeal. (Doc. 178). Proceeding *in forma pauperis* in federal court is permitted by 28 U.S.C. § 1915, which authorizes any court of the United States to allow indigent persons to prosecute, defend, or appeal suits without prepayment of costs. *See Coppedge v. United States*, 369 U.S. 438, 441 (1962) (discussing Section 1915). An appeal, however, may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith requires that the appeal present a nonfrivolous question for review. *Cruz v. Hauck*, 404 U.S. 59, 62 (1971). An appeal is frivolous when it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Moreover, "[t]he party must attach an affidavit that: (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

Erwin appeals the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 176). In denying Erwin's motion, the District Court held that Erwin "ha[d] not shown extraordinary and compelling circumstances that warrant his sentence be reduced to time served." (Doc. 172 at 2-3). Erwin failed to meet his burden to show that he is suffering from a terminal illness, a serious medical condition, or death of the caregiver of his minor children. (Doc. 172 at 2).

Here, Erwin fails to present a nonfrivolous question for review. Instead of stating the issues he intends to present on appeal, as required, Erwin simply states "NOA filed." (Doc. 178 at 1). After reviewing the Court's Order (Doc. 172), Erwin's motion (Doc. 178), and his Notice of Appeal (Doc. 176), the Court cannot ascertain a nonfrivolous basis for appeal.

In addition, Erwin fails to demonstrate indigency. While Erwin need not show absolute destitution to qualify as indigent, he must demonstrate an inability to pay for the court fees and costs while providing necessities for himself and his dependents. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Erwin's affidavit sets forth a gross monthly income of $2400, which exceeds his average monthly expenses. In addition, Erwin currently has over $10,000 in checking and investment accounts. The Court is satisfied that Erwin is financially able to pay the court fees and costs associated with his appeal. Accordingly, it is hereby RECOMMENDED:

1. Erwin's Motion for Permission to Appeal In Forma Pauperis and Affidavit (Doc. 178) be denied;
2. The District Court certify that the appeal is not taken in good faith; and

3. The Clerk be directed to notify the parties and the United States Court of Appeals for the Eleventh Circuit that the Erwin's motion was denied.

Reported this 3rd day of May 2021.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.